José Nine, peticionario y apelante, *v.* Jorge A. Ortiz y L. A. Mattei Ramos, Alcalde-Director de Obras Públicas y Secretario-Auditor de Lajas, respectivamente, demandados y apelados.

Núm. 9357.—*Sometido:* Noviembre 29, 1946. *Resuelto:* Diciembre 21, 1946.

*Enrique Báez García,* abogado del apelante; *José Rafael Gelpí,* abogado de los apelados.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Los demandados apelados solicitan la desestimación del recurso, alegando que la transcripción de la evidencia y la de documentos, radicadas por el apelante en la secretaría de este Tribunal, fueron aprobadas por el juez en propiedad de la Corte de Distrito de Mayagüez y no por el juez "que entendió y resolvió el caso"; y sostienen que de acuerdo con la Ley núm. 111 de 5 de mayo de 1939 ((1) pág. 575), dichas transcripciones sólo pueden ser aprobadas por el juez que entendió y resolvió el caso.

Se opone el apelante a la desestimación, alegando que las transcripciones fueron radicadas ante la corte inferior cuando ya el juez sustituto había cesado en sus funciones y ocupaba el cargo el juez en propiedad; que al someter las transcripciones a la corte para su aprobación, el apelante hizo constar que no tenía enmienda alguna que proponer; que estando pendiente la aprobación de dichas transcripciones, el abogado del apelante pidió al Procurador General que expidiese la correspondiente comisión al juez sustituto que conoció del caso, para que pudiese aprobar las transcripciones, respondiéndole el Procurador General que de acuerdo con la decisión dictada en *Pueblo* v. *Cruz,* 65 D.P.R. 172 no era necesario expedir dicha comisión; que el abogado de los demandados apelados asistió a la vista celebrada para la aprobación de la transcripción de evidencia, no propuso enmiendas y estuvo conforme con que el juez Ramírez Pabón le impartiera su aprobación en la forma en que había sido presentada por el taquígrafo.

El artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 111 de mayo 5 de 1939, después de disponer que el taquígrafo "deberá preparar y radicar una transcripción de las notas taquigráficas del juicio, incluyendo en dicha transcripción copia de todos los docu-

mentos ofrecidos y admitidos como prueba, . . . y entregará ésta al secretario de la referida corte", provee además, "que cuando se trate de prueba documental, . . . la parte apelante puede preparar una transcripción del documento, si fuere factible de transcripción, . . . y radicarlo en la secretaría de la corte dentro del término concedido al taquígrafo para preparar la transcripción, . . . siendo deber del secretario dar cuenta *al juez que entendió y resolvió el caso* de esa transcripción de documentos al mismo tiempo que dé cuenta de la transcripción que prepare el taquígrafo, *a fin de que el juez proceda a aprobarla y certifique su corrección juntamente con la transcripción de evidencia."* (Bastardillas nuestras.)

Dispone, además, el citado artículo 299:

"El día fijado para su aprobación, el juez la examinará y cuidará de que la misma sea *una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio,* de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, actos y manifestaciones de la corte, así como de todas las objeciones y excepciones de los letrados y de la materia a que las mismas se refieren. . . . El juez entonces certificará la fidelidad y corrección de dicha transcripción, y cuando sea así aprobada, constituirá y formará parte del legajo de la sentencia." (Bastardillas nuestras.)

El lenguaje del estatuto es tan claro que basta leer las disposiciones transcritas para comprender que la intención del legislador ha sido la de exigir que tanto la transcripción de las notas taquigráficas preparada por el taquígrafo, como la transcripción de la prueba documental, preparada por el mismo taquígrafo o por la parte apelante, sean certificadas en cuanto a su fidelidad y corrección por "el juez que entendió y resolvió el caso". Empero, como la ley no contiene disposición alguna sobre cuál juez es el que debe aprobar la transcripción de la evidencia cuando el juez ante quien se celebró la vista del caso ha muerto o ha quedado incapacitado para actuar o se ha ausentado de Puerto Rico, el Reglamento

del Tribunal Supremo dispone en su Regla 10, párrafo (d) lo siguiente:

"Cuando un juez o funcionario judicial, ante quien se haya celebrado el juicio de una causa muera, o quedare incapacitado, o se ausentare de Puerto Rico, o cuando por cualquier otra razón la ley no prescriba el modo cómo ha de resolverse o aprobarse la transcripción de evidencia o exposición del caso y pliego de excepciones, o moción interesando nuevo juicio, la persona que suceda en su puesto a dicho juez o funcionario judicial, o el juez de distrito contiguo más próximo, puede aprobar y certificar dicha transcripción de evidencia, exposición del caso y pliego de excepciones, o moción interesando nuevo juicio, y al aprobar cualquiera de ellas dicho juez o funcionario puede a discreción permitir que por cualquiera de las partes se dé lectura a declaraciones juradas que puedan ayudarle en la resolución de los puntos que sean objeto de discusión."

Resultando de los hechos de este caso que el juez sustituto que presidió la vista del caso quedó incapacitado para actuar como juez, antes de que las transcripciones pudieran ser sometidas a su aprobación, por haber expirado el término de su nombramiento, el juez de distrito que le sucedió en el cargo, o sea el juez de distrito de Mayagüez, tenía jurisdicción y facultad para aprobar, como aprobó, dichas transcripciones, de acuerdo con lo dispuesto en la disposición del Reglamento de este Tribunal arriba transcrita.

*La moción de desestimación debe ser declarada sin lugar.*

El Juez Asociado Sr. Snyder no intervino.

EN MOCION DE RECONSIDERACION

ENERO 13, 1947

PER CURIAM: En su moción de reconsideración alegan los apelados que la frase "quedare incapacitado", contenida en la Regla 10(d) de este Tribunal, no contempla la situación, como ocurre aquí, en que el juez que oyó y resolvió el caso actuó como juez sustituto, a tenor con un nombramiento expirado ya. Suponiendo, sin decidirlo, que tal juez no esté comprendido por dicha frase, esto no altera la conclusión a

que hemos llegado. El art. 299, como hemos visto, no tiene disposición alguna para obtener la aprobación de la transcripción de evidencia en tales casos. En su consecuencia, es de aplicación al caso la Regla 10(*d*), por el motitvo de que comprende no solamente la situación en que el juez ante quien se celebre el juicio "quedare incapacitado" si que también "cuando por cualquier otra razón la ley no prescriba el modo cómo ha de resolverse o aprobarse la transcripción de evidencia . . .".

*Se declarará sin lugar la moción de reconsideración.*